UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN BRICKLAYERS AND ALLIED
CRAFTWORKERS HEALTH CARE FUND,
TRUSTEES OF; MICHIGAN BRICKLAYERS
AND ALLIED CRAFTWORKERS PENSION
FUND, TRUSTEES OF; MICHIGAN BRICKLAYERS
AND ALLIED CRAFTWORKERS APPRENTICESHIP
AND TRAINING FUND, TRUSTEES OF; BAC LOCAL 9 -
MCE COOPERATION AND EDUCATION TRUST FUND,
TRUSTEES OF; BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL PENSION FUND,
TRUSTEES OF; INTERNATIONAL MASONRY
INSTITUTE, TRUSTEES OF; INTERNATIONAL UNION
OF BRICKLAYERS AND ALLIED CRAFTWORKERS,
AFL-CIO; and INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFTWORKERS,
LOCAL 9, AFL-CIO,

                Plaintiffs,                Case No. 10-cv-11622

v                                                  Hon. George Caram Steeh

HILLIARD MASONRY & CONRETE RESTORATION, LLC,
a limited liability company, and JANET HILLIARD, an Individual,
jointly and severally,

                Defendants.

___

**ORDER GRANTING PLAINTIFFS' MOTION FOR AN ORDER REQUIRING
DEFENDANTS TO SUBMIT TO A CREDITOR'S EXAMINATION AND
<u>RESTRAINING THE TRANSFER OF DEFENDANTS' NON-EXEMPT ASSETS</u>**

      This matter having come before the Court on Plaintiffs' Motion For An Order Requiring Defendants To Submit To A Creditor's Examination And Restraining The Transfer Of Defendants' Non-Exempt Assets, and the Court having considered the pleadings and papers and being fully informed of the premises, the Court now enters the following Order:

1

1.      IT IS ORDERED that Plaintiffs' motion is GRANTED.

2.      IT IS FURTHER ORDERED that Janet Hilliard shall appear at the law offices of Martens, Ice, Klass, Legghio & Israel, P.C., 306 South Washington Avenue, Suite 600, Royal Oak, MI 48067-3837, at 10:00 a.m. on August 17, 2010, to be examined under oath concerning the income, property or other means of satisfying the Default Judgment in this matter.

3.      IT IS FURTHER ORDERED that Janet Hilliard shall bring with her the following books, records and other papers in her possession, custody or control and all such documents showing the assets of both Defendants:

(a)     All checkbooks, check registers, check stubs, canceled checks, bank statements and other documents whatsoever relating to any deposit, savings, passbook or like account maintained with a bank, savings and loan association, credit union or like organization, in which either Defendant has, or has had, any interest, at any time during the period of January 1, 2009 to present;

(b)     Copies of all returns, schedules and forms filed by or on behalf of either Defendant with the Internal Revenue Service, State of Michigan, and any municipal governments, relating to any income received, property owned, business activities, sale or intangibles tax, of either Defendant at any and all times during the period of January 1, 2009 to present;

(c)     All books of account and accounts receivable ledgers;

(d)     Documents showing assets and liabilities of either Defendant during the period of January 1, 2009 to present;

(e)     All contracts of purchase, sale, bills of sale, certificates of title and deeds,

and all other evidences of title or instruments of whatsoever kind or nature, relating to the purchase, sale or ownership of any property, real or personal, or any interest therein, purchased, sold or owned by or on behalf of either Defendant at any time during the period of January 1, 2006 to present;

        (f)    Copies of all profit and loss statements and balance sheets relating to the affairs of either Defendant prepared by, or on behalf of, said Defendant during the period of January 1, 2009 to present.

    4.    IT IS FURTHER ORDERED that both Defendants and their officers, directors, employees and agents, and any third party who is served with a true and entered copy of this Order, are restrained from transferring or disposing of any property of Defendants, whether now owned, or hereafter acquired by, or becoming due to Defendants, except for the purposes of partial or full satisfaction of the Consent Judgment in this matter, until further order of this Court. This Order does not apply to property exempt by law from application to the satisfaction of the judgment.

        s/George Caram Steeh  
        United States District Judge

Dated: July 23, 2010